**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Mahoney, et al.,<br>Plaintiffs,<br>v.<br>USAA General Indemnity Company, et al.,<br>Defendants. | No. CV-26-06137-PHX-DWL<br>**ORDER** |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Traditional diversity jurisdiction[1] exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Complete diversity exists when "each plaintiff is a citizen of a different state than each defendant." *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017).

The party seeking to invoke diversity jurisdiction has the burden of proof.

[1] Minimal diversity is sufficient under § 1332(d)(2), which allows a class action to be brought in federal court if "the matter in controversy exceeds the sum or value of $5,000,000" and "any member of a class of plaintiffs is a citizen of a State different from any defendant." This is not a class action, so minimal diversity is insufficient.

*Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). The Notice of Removal must affirmatively allege each defendant's place of incorporation and the location of its principal place of business. *Star Ins. Co. v. West*, 2010 WL 3715155, *1 (D. Ariz. 2010) ("[T]he Notice of Removal fails to properly allege the citizenship of the plaintiffs in that it merely states that they 'are foreign corporations, with its/their principal place of business in Michigan and Minnesota.' Such a jurisdictional allegation is insufficient as a matter of law since a corporation is a citizen both of the state by which it is incorporated and the state where it has its principal place of business, and a notice of removal must affirmatively allege both states."); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("The facts must be alleged from which it may be determined of which state, or states, the corporation is 'deemed' to be a citizen—i.e. the state in which it was incorporated and the state in which it has its principal place of business.").

The notice of removal wholly fails to address the citizenship of Defendant CCC Intelligent Solutions Incorporated ("CCC"). Thus, removing Defendant USAA General Indemnity Company must file an amended notice of removal containing allegations as to CCC's place of incorporation and the location of its principal place of business.

Accordingly,

**IT IS ORDERED** that by **October 6, 2026**, USAA General Indemnity Company must file an amended notice of removal that contains allegations establishing CCC's citizenship for diversity purposes.

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of

removal by **October 6, 2026**, the Clerk of Court shall remand this action to state court.

**IT IS FURTHER ORDERED** that the parties' stipulation (Doc. 14) is **granted**. Defendants' deadline to respond to the complaint is extended to 21 days after the Court's resolution of Plaintiff's motion for leave to amend and for remand.

Dated this 29th day of September, 2026.

Dominic W. Lanza
United States District Judge